UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x
LAW OFFICES OF N.M. GEHI, P.C.,      :
      :
      Plaintiff,      :
      :      Case No.: 1:17-cv-05468-RJD-VMS
      - against -      :
      :
CONSUMER OPINION, LLC,      :
      :
JOHN DOE #1 *aka "Review # 481978" an*      :
*individual whose name is presently unknown,*      :
      :
JOHN DOE #2 *aka "Review # 949333" an*      :
*individual whose name is presently unknown,*      :
      :
      Defendants.      :
--------------------------------------------------------x

## **DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION TO REQUEST FOR JUDICIAL INTERVENTION SEEKING ORDER TO SHOW CAUSE FOR PRELIMINARY INJUNCTION AND TEMPORARY RESTRAINING ORDER**

## <u>TABLE OF CONTENTS</u>

TABLE OF AUTHORITIES ................................................................................................ III

MEMORANDUM OF LAW ................................................................................................ 1

1.0   FACTUAL BACKGROUND ..................................................................................... 1

2.0   LEGAL STANDARD ............................................................................................... 2

3.0   ANALYSIS .............................................................................................................. 3

3.1   *Plaintiff has No Likelihood of Success on the Merits* ................................... *3*

3.1.1   Plaintiff's Claims are Barred under the Communications Decency Act ................ 3

3.1.2   The Claims Arising from 2014 Statements are Time-Barred ................................. 7

3.1.3   Corporations Cannot Suffer Emotional Distress ..................................................... 8

3.1.4   The November 2016 Statement is Not Provably False ............................................ 9

3.2   *The Balance of Hardships Tips in Defendant's Favor* ................................ *13*

3.3   *Plaintiff Cannot Show Irreparable Harm* .................................................. *14*

3.4   *The Injunction is Not in the Public Interest* ............................................... *15*

3.5   *Plaintiff is Not Entitled to Early Discovery* ............................................... *16*

4.0   CONCLUSION ....................................................................................................... 17

# TABLE OF AUTHORITIES

**CASES**

*Albert v. Loksen*,
   239 F.3d 256 (2d Cir. 2001) ................................................................... 10

*Almedia v. Amazon.com, Inc.*,
   456 F.3d 1316 (11th Cir. 2006) ................................................................ 4

*Alvi Armani Med., Inc. v. Hennessey*,
   629 F. Supp. 2d 1302 (S.D. Fla. 2008) ..................................................... 3

*Anatsui v. Food Emporium*,
   99 Civ. 1337 (JGK), 2000 U.S. Dist. LEXIS 12610 (S.D.N.Y. Aug. 30, 2000) ...................... 9

*Arista Records, LLC v. Doe 3*,
   604 F.3d 110 (2d Cir. 2010) ................................................................... 16

*Ascentive, LLC v. Opinion Corp.*,
   842 F. Supp. 2d 450 (E.D.N.Y. 2011) ........................................... 3, 4, 5, 6

*Atl. Recording Corp. v. Project Playlist, Inc.*,
   603 F. Supp. 2d 690 (S.D.N.Y. 2009) ..................................................... 4

*Ayyash v. Bank Al-Madina*,
   233 F.R.D. 325 (S.D.N.Y. 2005) ............................................................ 16

*Baez v. Jetblue Airways*,
   745 F. Supp. 2d 214 (E.D.N.Y. 2010) ..................................................... 10

*Batzel v. Smith*,
   333 F. 3d 1018 (9th Cir. 2003) ........................................................... 4, 6

*Bender v. City of New York*,
   78 F.3d 787 (2d Cir. 1996) ..................................................................... 8

*Brahms v. Carver*,
   33 F. Supp.3d 192 (E.D.N.Y 2014) ........................................................ 11

*Brancaleone v. Mesagna*,
   290 A.D.2d 467, 736 N.Y.S.2d 685 (App. Div. 2002) .............................. 9

*Brian v. Richardson*,
   87 N.Y.2d 46 (1995) ....................................................................... 10, 11

*Chaman Lal Setia Exps. Ltd. v. Sawhney*,
   00 Civ. 2838 (MBM) (KNF), 2002 U.S. Dist. LEXIS 14228 (S.D.N.Y. July 31, 2002) ............ 8

*Chau v. Lewis,*
   771 F.3d 118 (2d Cir. 2014) ...................................................................................... 10

*Condit v. Dunne,*
   317 F. Supp. 2d 344 (S.D.N.Y 2004) ........................................................................ 10

*Directory Assistants, Inc. v. Supermedia, LLC,*
   884 F. Supp. 2d 446 (E.D. Va. 2012) .......................................................................... 6

*Douglas v. N.Y. State Adirondack Park Agency,*
   895 F. Supp. 2d 321 (N.D.N.Y. 2012) ........................................................................ 8

*Fair Hous. Council v. Roommates.com, LLC,*
   521 F.3d 1157 (9th Cir. 2008) ............................................................................... 5, 6

*Faiveley Transp. Malmo AB v. Wabtec Corp.,*
   559 F.3d 110 (2d Cir. 2009) ...................................................................................... 14

*Firth v. New York,*
   98 N.Y. 2d 365 (2002) ................................................................................................ 7

*Fischer v. Maloney,*
   43 N.Y.2d 553, 402 N.Y.S.2d 991, 373 N.E.2d 1215 (1978) .................................... 9

*Flamm v. Am. Assoc. of Univ. Women,*
   201 F.3d 144 (2d Cir. 2000) ...................................................................................... 11

*Fleiss v. Wiswell,*
   157 Fed. App'x. 417 (2d Cir. 2005) .......................................................................... 10

*Foley v. Mobil Chem. Co.,*
   214 A.D.2d 1003, 626 N.Y.S.2d 906, 907 (4th Dep't),
   reh'g denied, No. 412/95, 1995 WL 413878 (1995) .................................................. 8

*Forest Bay Constr. N.Y., Inc. v. Dir. Door Corp.,*
   271 A.D.2d 484, 707 N.Y.S.2d 329 (App. Div. 2000) ............................................... 8

*Free Country Ltd. v. Drennen,* No. 16-CV-8746 (JSR),
   2016 U.S. Dist. LEXIS 180755, 2016 WL 7635516 (S.D.N.Y. Dec. 30, 2016) ........ 3

*Gaming Mktg. Solutions v. Cross,*
   2008 U.S. Dist LEXIS 25910 (S.D. N.Y. Apr. 1, 2008) ........................................... 14

*Gertz v. Robert Welch,*
   418 U.S. 323 (1974) .................................................................................................. 10

*Goddard v. Google,*
   2008 U.S. Dist. LEXIS 101890 (N.D. Cal. 2008) ....................................................... 5

*Golden Archer Invs. v. Skynet Fin. Sys., LLC*, No. 11 Civ 3673 (RJS),
   2013 U.S. Dist. LEXIS 35690 (S.D.N.Y. Feb. 22, 2013) ........................ 8

*Goldstein v. Mass. Mut. Life Ins. Co.*,
   32 A.D.3d 821, 820 N.Y.S.2d 852 (App. Div. 2006) ............................. 7

*Gregoire v. G.P. Putnam's Sons*,
   298 N.Y. 119 (1948) ........................................................................ 7

*Gross v. New York Times Co.*,
   82 N.Y.2d 146 (1993) ...................................................................... 11

*Gucci Am., Inc. v. Hall & Assocs.*,
   135 F. Supp. 2d 409 (S.D.N.Y. 2001) ............................................... 4

*Hammer v. Trendl*,
   2002 U.S. Dist. LEXIS 25487 (E.D. N.Y. Oct. 10, 2002) .................... 13

*Harris v. City of New York*,
   186 F.3d 243 (2d Cir. 1999) ............................................................ 7

*Howell v. New York Post Co.*,
   81 N.Y.2d 115, 596 N.Y.S.2d 350, 612 N.E.2d 699 (1993) ............... 8

*Hustler Magazine v. Falwell*,
   485 U.S. 46, 50 (1988) .................................................................... 16

*Immuno AG v. Moor-Jankowski*,
   77 N.Y.2d 235 (1991) ...................................................................... 11

*In re BitTorrent Adult Film Copyright Infringement Cases*,
   296 F.R.D. 80 (E.D.N.Y. 2012) ........................................................ 16

*Kinney v. Barnes*,
   443 S.W.3d 87 (Tex. 2014) .............................................................. 13

*Lesesne v. Brimecome*,
   918 F. Supp. 2d 221 (S.D.N.Y. 2013) ............................................... 9

*M.A. v. Vill, Voice*,
   809 F. Supp. 2d 1041 (E.D. Mo. 2011) ............................................ 5

*Madsen v. Women's Health Ctr.*,
   512 U.S. 753 (1994) ........................................................................ 13

*Masson v. New Yorker Magazine*,
   501 U.S. 496 (1991) ........................................................................ 12

*Matter of Woodbridge Structured Funding, LLC v. Pissed Consumer*,
  2015 NY Slip Op 01527, 125 A.D.3d 508, 6 N.Y.S.3d 2 (App. Div. 2015) ........................... 11

*Metropolitan Opera Ass'n v. Local 100, Hotel Emples. & Restaurant Emples. Int'l Union*,
  239 F.3d 172 (2d Cir. 2001) .......................................................................................... 13, 14

*Mr. Chow of New York v. Ste. Jour Azur S.A.*,
  759 F.2d 219 (2d Cir. 1985) ................................................................................................. 10

*N.Y. ex rel. Schneiderman v. Actavis PLC*,
  787 F.3d 638 (2d Cir. 2015) ................................................................................................... 3

*Nebraska Press Ass'n v. Stuart*,
  427 U.S. 539 (1976) .............................................................................................................. 13

*Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*,
  591 F.3d 250 (4th Cir. 2009) .................................................................................................. 4

*New York Times Co. v. United States*,
  403 U.S. 713 (1971) .............................................................................................................. 13

*O'Shea v. Brennan*,
  2004 U.S. Dist. LEXIS 4723 (S.D.N.Y. Mar. 22, 2004) ........................................................ 7

*Old Dominion Branch No. 496 v. Austin*,
  418 U.S. 264 (1974) .............................................................................................................. 10

*Organization for a Better Austin v. Keefe*,
  402 U.S. 415 (1971) .............................................................................................................. 14

*Owens v. DRS Auto. Fantomworks, Inc.*,
  87 Va. Cir. 30 (2013) ............................................................................................................ 12

*Parker v. Google*,
  422 F. Supp. 2d 492 (E.D. Pa. 2006),
  aff'd, 242 Fed. Appx. 833 (3d Cir. 2007) ............................................................................... 6

*People v. Harris*,
  2012 NY Slip Op 22109, 36 Misc. 3d 613, 945 N.Y.S.2d 505 (Crim Ct. 2012) .................... 17

*Pusey v. Bank of Am., N.A.*,
  2015 U.S. Dist. LEXIS 91083 (E.D.N.Y. July 13, 2015) ......................................................... 9

*Reed v. Gallagher*,
  248 Cal. App. 4th 841, 204 Cal. Rptr. 3d 178 (2016) .......................................................... 12

*Ricci v. Teamsters Union Local*, 456,
  781 F.3d 25 (2d Cir. 2015) ...................................................................................................... 6

*Roca Labs, Inc. v. Consumer Op. Corp.*,
  2015 U.S. Dist. LEXIS 143107 (M.D. Fla. Oct. 21, 2015) ....................................... 6

*Rodriguez ex rel. Rodriguez v. DeBuono*,
  175 F.3d 227 (2d Cir. 1999) ...................................................................... 14

*Rodriguez v. Am. Friends of the Hebrew Univ., Inc.*,
  96 Civ. 240 (JGK), 1998 U.S. Dist. LEXIS 3701 (S.D.N.Y. Mar. 23, 1998) ............................ 9

*Sandals Resorts Int'l v. Google, Inc.*,
  910 N.Y.S.2d 408 (Sup. Ct. N.Y. Cty. 2010),
  aff'd, 925 N.Y.S.2d 407 (1st Dep't 2011) ................................................. 10

*Sandler v. Simoes*, 609 F. Supp. 2d 293 (E.D.N.Y. 2009) ......................................... 12

*Santan-Morris v. New York Univ. Med. Ctr.*,
  1996 U.S. Dist. LEXIS 18237, 96 Civ. 0621 (MGC),
  1996 WL 709577 (S.D.N.Y. Dec. 10, 1996) ................................................. 8

*Shepard Indus. v. 135 E. 57th St., LLC*,
  97 Civ. 8447 (DAB), 1999 U.S. Dist. LEXIS 14431 (S.D.N.Y. Sep. 15, 1999) ..................... 15

*Shiamli v. Real Estate Group of New York, Inc.*,
  17 N.Y.3d 281 (2011) ........................................................................ 6

*Smith v. Local 819 I.B.T. Pension Plan*,
  291 F.3d 236 (2d Cir. 2002) ................................................................. 6

*Sony Music Entm't Inc. v. Does 1-40*,
  326 F. Supp. 2d 556 (S.D.N.Y. 2004) ....................................................... 16

*Spence v. Md. Cas. Co.*,
  995 F.2d 1147, 1158 (2d Cir. 1993) ......................................................... 9

*Spitzer v. Shanley Corp.*,
  151 F.R.D. 264 (S.D.N.Y. 1993) ............................................................. 8

*Teneriello v. Travelers Cos.*,
  226 A.D.2d 1137, 641 N.Y.S.2d 482 (App. Div. 1996) ........................................ 7

*Themed Restaurants, Inc. v. Zagat Survey, LLC*,
  801 N.Y.S.2d 38 (1st Dep't 2005) .......................................................... 12

*Torain v. Liu*,
  279 Fed. App'x. 46 (2d Cir. 2008) ......................................................... 10

*Treppel v. Biovail Corp.*,
  2004 U.S. Dist. LEXIS 20714 (S.D.N.Y. Oct. 15, 2004) ...................................... 10

*Twersky v. Yeshiva Univ.*,
  993 F. Supp. 2d 429 (S.D.N.Y. 2014) ............................................................... 7

*Uniformed Sanitation Men Assoc. v. Comm. of Sanitation*,
  287 F. Supp. 703 (S.D. N.Y. 1968) ................................................................. 15

*United States v. Lifshitz*,
  369 F.3d 173 (2d Cir. 2004) ............................................................................ 17

*United States v. Quattrone*,
  402 F.3d 304 (2d Cir. 2005) ............................................................................ 13

*Universal Commun. Sys. v. Lycos, Inc.*,
  478 F.3d 413 (1st Cir. 2001) ............................................................................. 5

*Van Buskirk v. N.Y. Times Co.*,
  325 F.3d 87 (2d Cir. 2003) ................................................................................ 7

*Vazquez v. Buhl*,
  2012 WL 3641581 (Conn. Super. Ct. 2012) ...................................................... 6

*Versaci v. Richie*,
  815 N.Y.S.2d 350 (3d Dep't 2006) .................................................................. 11

*Walker v. Birmingham*,
  388 U.S. 307 (1967) ........................................................................................ 13

*Westlake Legal Group v. Yelp, Inc.*,
  2015 U.S. App. LEXIS 4337 (4th Cir. 2015) ..................................................... 4

*Zeran v. Am. Online, Inc.*,
  129 F.3d 327 (4th Cir. 1997) ............................................................................. 3

**STATUTES**

18 U.S.C. § 2703 ................................................................................................ 17

47 U.S.C. § 230 ........................................................................................... *passim*

**RULES**

Fed. R. Civ. P. 26 .............................................................................................. 16

N.Y. C.P.L.R. § 215(3) ........................................................................................ 7

## MEMORANDUM OF LAW

Plaintiff, Law Offices of N.M. Gehi, P.C. ("Plaintiff" or "Gehi PC") brought a two-count complaint in Queens County Supreme Court against, among others, Defendant Consumer Opinion, LLC, ("Defendant" or "Opinion") for "defamation and libel" and intentional infliction of emotional distress.  Dkt. No. 1-1.  Defendant removed that case to this Court on September 19, 2017.  Dkt. No. 1.  Prior to removal, Plaintiff filed a Request for Judicial Intervention, with accompanying memorandum, seeking a preliminary injunction and temporary restraining order. Dkt. No. 1-4.  Plaintiff seeks an order enjoining Defendant from "editing or publishing any posts about Plaintiff" and to require Defendant to provide early discovery disclosing the names and addresses of the Doe defendants.  Dkt. No. 1-4 at p. 5.  Plaintiff's request, which is in the nature of a motion under Fed. R. Civ. P. 65, must be denied.  Plaintiff has no likelihood of success on the merits, early discovery is not merited, and the balance of equities does not warrant such relief.

### 1.0    Factual Background

As alleged in the Verified Complaint ("Complaint"), Plaintiff operates an immigration law practice in Queens, New York.  Complaint at ¶¶ 1, 4 & 11.  Plaintiff's principal appears to be Attorney Naresh Gehi ("Attorney Gehi").[1]  *Id*. at Introduction and ¶ 1.

Defendant Opinion operates a website, <pissedconsumer.com>, where consumers can review businesses.  *Id*. at ¶¶ 5-7.  On or about April 14, 2014, Defendant John Doe #1 posted a negative review of Plaintiff on Defendant's website, stating:

> He only hires young 15 year old girls to do all the work in his "law office" which more closely resembles a Hong Kong opium den than a law office, and everyone knows that he constantly cops *** from these young immigrant women while dodging law enforcement and other regulatory agencies for his underage sexual dalliances with his staff.  This incompetent *** _____ is single-handedly responsible for more immigration legal malpractice cases than all of

---

[1]    The case caption identified Gehi PC as Plaintiff.  Confusing matters is that the Complaint itself is inartfully drafted as though Attorney Gehi, individually, is the plaintiff.  *See, e.g.,* Complaint at Introduction and ¶ 1 ("Plaintiff, Naresh Gehi"; "Plaintiff is an attorney with his principal place of business").  To the extent permissible, Defendant interprets all references in the Complaint to Attorney Gehi as being, in fact, to Gehi PC.

> the immigration lawyers in New York combined – and the only reason they haven't taken away his law license yet is because he would claim racial discrimination if they tried. He ruthlessly targets Sikhs and Indian and Chinese immigrants for their life savings so please avoid him at all costs.

Complaint at ¶ 5.[2]  Plaintiff claims that the statements that Plaintiff "only hires 15 year old girls," is "incompetent," is "dodging law enforcement," and is "committing underage sexual dalliances" are false. *Id.* at ¶¶ 17-19.

Subsequently, on or about November 4, 2016, John Doe #2 posted a negative review of Plaintiff on Defendant's website, stating:

> This law dirm [sic] charges more than double for their service and is veey [sic] slow to process documents.

*Id.* at ¶ 7; Dkt. No. 1-4 at pp. 21-22. Plaintiff claims that the statement that Plaintiff "charges double for his services" [sic] is false. Dkt. No. 1-1 at ¶¶ 17 & 19. Plaintiff generally denies being incompetent, cruel, a criminal, and a sexual deviant. *Id.* at ¶ 26. Plaintiff asserts that these statements damaged his reputation and cause Attorney Gehi to lose sleep and have anxiety over his firm's future. *Id.* at ¶¶ 24 & 28. Plaintiff requested Defendant Opinion remove these reviews, but Defendant has chosen not to do so. *Id.* at ¶¶ 6 & 8-10 and Dkt. No. 1-4 at pp. 17-20 & 23-29.

**2.0     Legal Standard**

A party seeking a temporary restraining order ("TRO") or a preliminary injunction must demonstrate:

(1)    irreparable harm;
(2)    either (a) a likelihood of success on the merits or (b) sufficiently serious questions going to the merits of the case to make it a fair ground for litigation, and a balance of hardships tipping decidedly in its favor; and
(3)    that a preliminary injunction is in the public interest.

---

[2]     Although this review is referenced as "Exhibit A" to Plaintiff's legal memorandum, Defendant was not served with such exhibit. Further, there was no review of Plaintiff dated April 14, 2014 as alleged in the Complaint, paragraphs 5 & 18. There is a review dated April 8, 2014, which is one of the URLs listed in Plaintiff's Exhibit B. It contains the very language quoted by Plaintiff at paragraph 5 of the Complaint. The April 8, 2014 review is attached as *Exhibit 1* to the Declaration of Michael Podolsky ("Podolsky Declaration"), filed herewith.

*N.Y. ex rel. Schneiderman v. Actavis PLC*, 787 F.3d 638, 650 (2d Cir. 2015) (internal quotation marks and citation omitted); *see also Free Country Ltd. v. Drennen*, No. 16-CV-8746 (JSR), 2016 U.S. Dist. LEXIS 180755, 2016 WL 7635516, at *3 (S.D.N.Y. Dec. 30, 2016) (holding that the standard for entry of a TRO is "essentially the same as for a preliminary injunction" but a temporary restraining order is "often granted ex parte," has a "limited lifespan," and "typically occurs before there has been extensive discovery").   Plaintiff is not entitled to a temporary restraining order or preliminary injunction.

## 3.0     Analysis

### 3.1     Plaintiff has No Likelihood of Success on the Merits

#### 3.1.1     Plaintiff's Claims are Barred under the Communications Decency Act

Plaintiff asserts two claims: defamation/libel and intentional infliction of emotional distress.  Complaint at ¶¶ 15-30.  Each of these claims seeks to hold Defendant liable for statements that were not authored by Defendant, but merely were published on an online forum operated by Defendant.  This is precisely the factual scenario contemplated by the Communications Decency Act, 47 U.S.C. § 230 (the "CDA" or "Section 230").  The CDA provides that "[n]o provider or user of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider."  47 U.S.C. § 230(c)(1).  The effect of the statute is to bar "'lawsuits seeking to hold a service provider liable for its exercise of a publisher's traditional editorial functions – such as deciding whether to publish, withdraw, postpone or alter content.'"  *Ascentive, LLC v. Opinion Corp*., 842 F. Supp. 2d 450 (E.D.N.Y. 2011) (quoting *Zeran v. Am. Online, Inc.*, 129 F.3d 327, 331 (4th Cir. 1997)).  "'Congress recognized the threat that tort-based lawsuits pose to freedom of speech in the new and burgeoning Internet medium.'"  *Ascentive*, 842 F. Supp. at 473 (quoting *Zeran*, 129 F.3d at 330).  The statute thus reflects the policy decision by Congress to "'overrule . . . any . . . decisions which have treated [interactive computer service] providers and users as publishers of or speakers of content that is not their own.'"  *Ascentive*, 82 F. Supp. 2d at 472; *see also Alvi Armani Med., Inc. v. Hennessey*, 629 F. Supp. 2d 1302, 1306 (S.D. Fla. 2008), quoting *Almedia v. Amazon.com, Inc.*, 456 F.3d

1316, 1321-22 (11th Cir. 2006) (stating that '"[t]he purpose of the CDA is to establish 'federal immunity to any cause of action that would make service providers liable for information originating with a third-party user of the service'"). Accordingly, "[c]ourts across the country have repeatedly held that the CDA's grant of immunity should be construed broadly." *Atl. Recording Corp. v. Project Playlist, Inc.*, 603 F. Supp. 2d 690, 700-701 (S.D.N.Y. 2009) (collecting cases).

This dispositive statutory defense is of particular significance because "Section 230 immunity, like other forms of immunity, is generally accorded effect at the first logical point in the litigation process." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 254-55 (4th Cir. 2009). For this reason, dismissal of a complaint on Section 230 grounds "is appropriate unless the complaint pleads non-conclusory facts that plausibly indicate that 'any alleged drafting or revision by [the defendant] was something more than a website operator performs as part of its traditional editorial function,' thereby rendering it an information content provider." *Westlake Legal Group v. Yelp, Inc.*, 2015 U.S. App. LEXIS 4337, *6 (4th Cir. 2015).

A provider of an interactive computer service for purposes of the statute is one who operates '"any information service, system, or access software provider that provides or enables computer access by multiple users to a computer service."' *Gucci Am., Inc. v. Hall & Assocs.*, 135 F. Supp. 2d 409, 412 (S.D.N.Y. 2001); *see also Batzel v. Smith*, 333 F. 3d 1018, 1030 (9th Cir. 2003). "Courts generally conclude that a website falls within this definition." *Ascentive*, 842 F. Supp. 2d at 473 (collecting cases; finding that operators of consumer review web site were interactive service providers for purposes of Section 230). Plaintiff pleads no plausible factual allegations in its Complaint that Defendant acted in any capacity other than as the provider of an interactive computer service here. It admits that Defendant owns and controls the PissedConsumer.com website. Complaint at ¶¶ 5-10. The allegedly defamatory statements at issue were authored by two John Doe defendants—not Defendant Opinion. Complaint at ¶¶ 5 & 7.

Section 230 only fails to apply in instances where an information service provider acts as an "information content provider" with respect to the statements in question, such that it is

'"responsible, in whole or in part, for the creation or development of [the] information."' *Ascentive*, 842 F. Supp. 2d at 474. "Asserting or implying the mere possibility" that a defendant played a more involved role in the creation of statements beyond that of a publisher is insufficient to defeat Section 230 immunity. *Id*. at 474-75. Whether a defendant profits from the online service it provides does not affect Section 230 immunity; '"the fact that a website elicits online content for profit is immaterial; the only relevant inquiry is whether the interactive service provider 'creates' or 'develops' that content."' *M.A. v. Vill, Voice*, 809 F. Supp. 2d 1041 (E.D. Mo. 2011) (quoting *Goddard v. Google*, 2008 U.S. Dist. LEXIS 101890, *3 (N.D. Cal. 2008), and citing *Universal Commun. Sys. v. Lycos, Inc.*, 478 F.3d 413, 420-21 (1st Cir. 2001).

Plaintiff, in its pleadings before the Queens Supreme Court, Dkt. No. 1-4 at p. 15, recognized that Section 230 generally acts as a bar to prosecution. Plaintiff, however, cites to *Fair Hous. Council v. Roommates.com, LLC*, 521 F.3d 1157 (9th Cir. 2008) in an effort to circumvent such immunity. Plaintiff misreads *Roommates.com*; in that case, the website lost its immunity because it specifically required users to provide unlawful content. 521 F.3d at 1165. In contrast, Plaintiff makes no allegation that Defendant requires a user to post negative reviews; in fact, Defendant welcomes positive reviews. *See, e.g.,* Exhibit A, Review of "Gehi and Associates Law Firm" posted on PissedConsumer.com dated April 17, 2015. Plaintiff has been the beneficiary of positive reviews and cannot now credibly claim that Defendant mandates defamation. Moreover, even if Defendant created an "atmosphere" for complaints (Dkt. No. 1-4 at p. 15), there is no basis to suggest Defendant requires them to be libelous.

While Plaintiff includes some allegation in the Complaint that Defendant made the statements in question (Complaint at ¶ 12), the general allegations and documents referenced dispel this notion and confirm that the only authors are the John Does. *See* Complaint at ¶¶ 5-10, 16-18, and 26. The only specific alleged conduct by Opinion is a failure to remove the reviews authored by John Does and a failure to identify these Defendants, which Plaintiff claims "facilitate[es] the defamation and libel" and "contribut[es] to Plaintiff's emotional distress." *See* Complaint at ¶¶ 22, 30. As much as Plaintiff tries to torture the facts, it cannot plausibly allege

that Defendant authored the statements.  These are merely the sort of "[c]onclusory allegations or legal conclusions masquerading as factual conclusions [that] will not suffice to [defeat] a motion to dismiss."  *Smith v. Local 819 I.B.T. Pension Plan*, 291 F.3d 236, 240 (2d Cir. 2002).  Thus, the *Roommates.com* exception does not apply.

Claims arising from the operation of the PissedConsumer.com website has previously been litigated, and the website operator was found to be immune under Section 230.  *See Roca Labs, Inc. v. Consumer Op. Corp.*, 2015 U.S. Dist. LEXIS 143107 (M.D. Fla. Oct. 21, 2015) (granting summary judgment on Section 230 grounds).  Judge Glasser of this very court previously came to that same conclusion as to the operation PissedConsumer.com.  *See Ascentive*, 842 F. Supp. 2d at 478-79 (denying preliminary injunction).  Courts all over the country have found similar defendants to be immune from suit in situations comparable to the facts here.  *See Ricci v. Teamsters Union Local*, 456, 781 F.3d 25, 28 (2d Cir. 2015) (affirming dismissal of complaint on Section 230 grounds and finding that assertion of Section 230 defense "can still support a motion to dismiss if the statute's barrier to suit is evident from the face of the complaint"); *Shiamli v. Real Estate Group of New York, Inc.*, 17 N.Y.3d 281 (2011) (affirming dismissal on Section 230 grounds as to statements authored by third parties despite adding headings to complained-of statements); *Batzel v. Smith*, 333 F.3d at 1031 ("merely editing portions of an e-mail and selecting material for publication" did not remove service provider from Section 230 immunity); *Parker v. Google*, 422 F. Supp. 2d 492, 500-01 (E.D. Pa. 2006), aff'd, 242 Fed. Appx. 833 (3d Cir. 2007) (granting dismissal under Section 230 grounds for statements authored by third parties); *Directory Assistants, Inc. v. Supermedia, LLC*, 884 F. Supp. 2d 446, 453 (E.D. Va. 2012) (compiling and distributing links to allegedly defamatory statements did not remove Section 230 immunity); *Vazquez v. Buhl*, 2012 WL 3641581 (Conn. Super. Ct. 2012) (finding that Section 230 immunity applied despite defendant's providing introduction and hyperlink to allegedly defamatory content).

Plaintiff's Complaint reveals it seeks to premise liability on Plaintiff's actions as a publisher, rather than a creator, of content.  Count I, the defamation/libel claim, asserts that "Defendants published these false, defamatory and libelous statements."  Complaint at ¶ 20.

Count II, for intentional infliction of emotional distress, states that "Defendants intentionally, or with disregard of the likelihood of harm, posted these statements." *Id.* at ¶ 27. None of these claims relate at all to Defendant's business practices or how the website is operated. They are premised entirely on statements authored solely by the John Does. Defendant is thus immune from suit under Section 230.

### 3.1.2   The Claims Arising from 2014 Statements are Time-Barred

Assuming, *arguendo*, the Section 230 immunity is not dispositive, the claims arising from the statements of John Doe #1 are time barred. A claim may be dismissed as time-barred under the statute of limitations where factual allegations clearly demonstrate untimeliness. *Harris v. City of New York*, 186 F.3d 243, 250 (2d Cir. 1999).

The allegedly defamatory statements allegedly authored by John Doe #1 were published on April 14, 2014. *See* Complaint at ¶ 5. The statute of limitations for both defamation and intentional infliction of emotional distress actions in New York is one year. *See* N.Y. C.P.L.R. § 215(3); *Twersky v. Yeshiva Univ.*, 993 F. Supp. 2d 429, 441 (S.D.N.Y. 2014) citing *Goldstein v. Mass. Mut. Life Ins. Co.*, 32 A.D.3d 821, 820 N.Y.S.2d 852 (App. Div. 2006).

New York has adopted the single publication rule. "Under this rule, the publication of a single defamatory item, . . . even if sold in multiple copies, and in numerous places, at various times, gives rise to 'only one cause of action which arises when the finished product is released by the publisher for sale.'" *Van Buskirk v. N.Y. Times Co.*, 325 F.3d 87, 89 (2d Cir. 2003) (quoting *Gregoire v. G.P. Putnam's Sons*, 298 N.Y. 119, 125 (1948)). The single publication rule also applies to Internet publications. *See Firth v. New York*, 98 N.Y. 2d 365 (2002).

The statute of limitations for defamation runs from the time of publication, not upon a plaintiff's discovery thereof. *See O'Shea v. Brennan*, 2004 U.S. Dist. LEXIS 4723, at *6 n.1 (S.D.N.Y. Mar. 22, 2004) citing *Teneriello v. Travelers Cos.*, 226 A.D.2d 1137, 1137-38, 641 N.Y.S.2d 482, 483 (App. Div. 1996). Similarly, "[a] cause of action for intentional infliction of emotional distress is limited to conduct that occurred within the one-year period immediately preceding the commencement of the action." *Foley v. Mobil Chem. Co.*, 214 A.D.2d 1003, 626

N.Y.S.2d 906, 907 (4th Dep't), reh'g denied, No. 412/95, 1995 WL 413878 (1995); *see also Santan-Morris v. New York Univ. Med. Ctr.*, 1996 U.S. Dist. LEXIS 18237, at *10, 96 Civ. 0621 (MGC), 1996 WL 709577, at *4 (S.D.N.Y. Dec. 10, 1996) ("New York courts have been reluctant to expand the general theory of continuing wrongs to claims based on intentional infliction of emotional distress"); *Spitzer v. Shanley Corp.*, 151 F.R.D. 264, 267 (S.D.N.Y. 1993) ("time-barred causes of action cannot be revived under New York law even if the acts are alleged as part of a continuing wrong").  Accordingly, any claim against Defendant Opinion based on the statements allegedly authored by John Doe #1, which were published in 2014, is time-barred and will not succeed.

### 3.1.3   Corporations Cannot Suffer Emotional Distress

Plaintiff is a corporate entity, with a "P.C." designation indicating its organization under N.Y. Bus. Corp. Law § 1503.  A corporate plaintiff is an inanimate object and cannot suffer emotional distress.  *See Golden Archer Invs. v. Skynet Fin. Sys., LLC*, No. 11 Civ 3673 (RJS), 2013 U.S. Dist. LEXIS 35690, at *4-5 (S.D.N.Y. Feb. 22, 2013); *Douglas v. N.Y. State Adirondack Park Agency*, 895 F. Supp. 2d 321, 367-68 (N.D.N.Y. 2012); *Chaman Lal Setia Exps. Ltd. v. Sawhney*, 00 Civ. 2838 (MBM) (KNF), 2002 U.S. Dist. LEXIS 14228, at *15 (S.D.N.Y. July 31, 2002); *Forest Bay Constr. N.Y., Inc. v. Dir. Door Corp.*, 271 A.D.2d 484, 484-85, 707 N.Y.S.2d 329, 329-30 (App. Div. 2000).  Plaintiff cannot circumvent this well-settled law by pleading Attorney Gehi's personal distress; Attorney Gehi is not the plaintiff.

Moreover, the claim otherwise lacks merit.  To maintain a claim for intentional infliction of emotional distress, a plaintiff must show: (1) extreme and outrageous conduct; (2) with the intent to cause, or with reckless disregard of the substantial probability of causing, severe emotional distress; (3) a causal connection between the conduct and injury; and (4) severe emotional distress.  *See Bender v. City of New York*, 78 F.3d 787, 790 (2d Cir. 1996) (citing *Howell v. New York Post Co.*, 81 N.Y.2d 115, 121, 596 N.Y.S.2d 350, 353, 612 N.E.2d 699, 702 (1993)).  The standard is extremely high, and the conduct must be "so outrageous . . . and so extreme . . . as to go beyond all possible bounds of decency."  *Id*.  Derogatory comments are "insufficient to

constitute intentional infliction of emotional distress under New York law." *Anatsui v. Food Emporium*, 99 Civ. 1337 (JGK), 2000 U.S. Dist. LEXIS 12610, at *28-29 (S.D.N.Y. Aug. 30, 2000); *see also Spence v. Md. Cas. Co.*, 995 F.2d 1147, 1158 (2d Cir. 1993) (criticism of performance falls "far short of the 'extreme' and 'outrageous' conduct that is actionable as an intentional infliction of emotional distress."); *Rodriguez v. Am. Friends of the Hebrew Univ., Inc.*, 96 Civ. 240 (JGK), 1998 U.S. Dist. LEXIS 3701, at *30 (S.D.N.Y. Mar. 23, 1998) (same).  Thus, even if the corporate entity could stand in Attorney Gehi's shoes, the claim would not survive.

Additionally, this claim is duplicative of the defamation claim "New York courts have 'kept a watchful eye for claims sounding in defamation that have been disguised as other causes of action.'  As such, '[u]nder New York law, tort claims are construed as defamation claims not just when they seek damages [] for injury to reputation, but also where the entire injury complained of flows from the effect on [a plaintiff's] reputation.'" *Pusey v. Bank of Am., N.A.*, 2015 U.S. Dist. LEXIS 91083, *9-10 (E.D.N.Y. July 13, 2015) (quoting *Lesesne v. Brimecome*, 918 F. Supp. 2d 221, 224 (S.D.N.Y. 2013).  The claim for intentional infliction of emotional distress is duplicative of the defamation claim, as an otherwise eligible plaintiff may make full recovery through the defamation claim.  *See Brancaleone v. Mesagna*, 290 A.D.2d 467, 468-69, 736 N.Y.S.2d 685, 687 (App. Div. 2002); *Fischer v. Maloney*, 43 N.Y.2d 553, 553, 402 N.Y.S.2d 991, 373 N.E.2d 1215 (1978) ("Indeed, it may be questioned whether the doctrine of liability for intentional infliction of extreme emotional distress should be applicable where the conduct complained of falls well within the ambit of other traditional tort liability").  Thus, the second cause of action for intentional infliction of emotional distress will not succeed.

### 3.1.4   The November 2016 Statement is Not Provably False

As any claim based on the statement of John Doe #1 is time-barred and the second cause of action cannot be brought by a corporation, the only remaining claim would be for defamation/libel on account of the statement of John Doe #2.  As this Court has stated, "a defamation claim under New York law requires a plaintiff to show (1) that defendants made a false defamatory statement of fact; (2) that the statement was published to a third party; (3) that the

statement concerned the plaintiff; (4) that the defendant was responsible for making the statement; and (5) that the statement was slander per se or caused special damages." *Baez v. Jetblue Airways*, 745 F. Supp. 2d 214, 225 (E.D.N.Y. 2010) citing *Albert v. Loksen*, 239 F.3d 256, 265 (2d Cir. 2001). Although several of the elements may be challenged, most notable is the first—the question of false statement of fact.

The only alleged false statement of fact claimed to be libelous arising from the November 4, 2016 publication is whether Plaintiff charges double for its services. *See* Complaint at ¶ 17. Plaintiff does not appear to contend that the claim that it is slow to process documents is false. *Contrast* Complaint at ¶ 17 with ¶ 7.

Statements of opinion or rhetorical hyperbole are not statements of fact, and thus cannot be defamatory. As the Supreme Court has famously noted, there "is no such thing as a false idea." *Gertz v. Robert Welch*, 418 U.S. 323, 339-40 (1974); *see also Old Dominion Branch No. 496 v. Austin*, 418 U.S. 264, 286 (1974) (finding "rhetorical hyperbole" and "lusty and imaginative expression" not actionable). Whether a statement is factual is a question of law that the court can dispose of at the pleading stage. *See Gertz*, 418 U.S. at 339-40; *Condit v. Dunne*, 317 F. Supp. 2d 344, 358 (S.D.N.Y 2004); *Treppel v. Biovail Corp.*, 2004 U.S. Dist. LEXIS 20714, *36-37 (S.D.N.Y. Oct. 15, 2004). Further, a court must consider the overall context, tone, and apparent purpose of a statement and whether a reasonable reader, not any conceivable reader, would interpret a given statement literally or otherwise view it as a mere expression of opinion, hyperbole or otherwise. *See Mr. Chow of New York v. Ste. Jour Azur S.A.*, 759 F.2d 219, 229 (2d Cir. 1985); *see also Chau v. Lewis*, 771 F.3d 118, 128 (2d Cir. 2014); *Brian v. Richardson*, 87 N.Y.2d 46, 51 (1995); *Torain v. Liu*, 279 Fed. App'x. 46, 46 (2d Cir. 2008); *Fleiss v. Wiswell*, 157 Fed. App'x. 417, 417 (2d Cir. 2005) (summary order).

In particular, courts often hold statements made in an online forum to be non-actionable opinion. *See, e.g., Sandals Resorts Int'l v. Google, Inc.*, 910 N.Y.S.2d 408 (Sup. Ct. N.Y. Cty. 2010), aff'd, 925 N.Y.S.2d 407 (1st Dep't 2011) (finding that because readers give less credence to allegedly defamatory Internet communications, courts should "learn to view libel allegations

10

within the unique context of the Internet"); *Brahms v. Carver*, 33 F. Supp.3d 192, 195 (E.D.N.Y 2014) (noting that statement was made on Internet forum "where people generally solicit and express opinion"); *Versaci v. Richie*, 815 N.Y.S.2d 350 (3d Dep't 2006).  Such is especially the case as it relates to Defendant's website; *Matter of Woodbridge Structured Funding, LLC v. Pissed Consumer*, 2015 NY Slip Op 01527, ¶ 1, 125 A.D.3d 508, 509, 6 N.Y.S.3d 2, 3 (App. Div. 2015) ("Although some of the statements are based on undisclosed, unfavorable facts known to the writer, the disgruntled tone, anonymous posting, and predominant use of statements that cannot be definitively proven true or false, supports the finding that the challenged statements are only susceptible of a nondefamatory meaning, grounded in opinion.")

The New York Constitution provides even greater protection for statements of opinion, finding that statements of "pure" opinion are absolutely protected.  *See Flamm v. Am. Assoc. of Univ. Women*, 201 F.3d 144, 147-48 (2d Cir. 2000).  New York uses "a flexible approach in distinguishing actionable fact from non-actionable opinion," considering factors such as:

> (1) whether the specific language in issue has a precise meaning which is readily understood; (2) whether the statements are capable of being proven true or false; and (3) whether either the full context of the communication in which the statement appears or the broader social context and surrounding circumstances are such as to 'signal . . . readers or listeners that what is being read or heard is likely to be opinion, not fact.

*Id*. at 153 (quoting *Gross v. New York Times Co.*, 82 N.Y.2d 146, 153 (1993)).  More important than a mechanical application of factors is a focus "on the overall context in which the complained-of assertions were made."  *Flamm*, 201 F.3d at 154; *see also Brian v. Richardson*, 87 N.Y.2d 46, 53 (1995) (finding that statements in an Op Ed section of a newspaper were more likely to be viewed as statements of opinion); *Gross v. New York Times Co.*, 82 N.Y.2d 146, 155 (1993) (stating that "the courts are obligated to consider the communication as a whole, as well as its immediate and broader social contexts, to determine whether the reasonable listener or reader is likely to understand the remark as an assertion of provable fact"); *Immuno AG v. Moor-Jankowski*, 77 N.Y.2d 235, 253 (1991).

Courts have found that statements implicating overcharging for legal services "do not declare or imply a provably false factual assertion; they merely offer an opinion as to the value of [Plaintiff's] legal services." *Reed v. Gallagher*, 248 Cal. App. 4th 841, 859, 204 Cal. Rptr. 3d 178, 191 (2016); *see also Owens v. DRS Auto. Fantomworks, Inc.*, 87 Va. Cir. 30 (2013) ("Defendants do not provide any statements that could be objectively characterized as true or false. Words or phrases such as 'shady' or 'overcharged' are clearly dependent on the Plaintiffs' viewpoint."). Notably, in the full context, the allegedly false statement appears as follows:

> Disgusting! The behavior of the Manager Angie is deplorable!! This law dirm [sic] charges more than double for their service and is veey [sic] slow to process documents. If you complaint you're rold [sic] that you are harassing and transfeed [sic] to Agie [sic] who yells at you and then hangs up the phone aa [sic] if she is the Attorney in charge. Don't go here, save yourself time and money. I wil [sic] report them and this law practice.

Podolsky Declaration at *Exhibit 1*. At worst, claiming that Plaintiff charges "double," as opposed to simply indicating that Plaintiff charges more than what it is worth, is mild editorialization that has no effect on the "gist" or "sting" of the statement, and thus does not make it defamatory, particularly in light of the overall context of the statements at issue. *Masson v. New Yorker Magazine*, 501 U.S. 496, 517 (1991) (holding that "[m]inor inaccuracies do not amount to falsity so long as the substance, the gist, the sting, of the libelous charge is justified); *Themed Restaurants, Inc. v. Zagat Survey, LLC*, 801 N.Y.S.2d 38, 39-40 (1st Dep't 2005) (finding that restaurant review based on anonymous consumer reviews was protected as opinion); *Sandler v. Simoes*, 609 F. Supp. 2d 293 (E.D.N.Y. 2009) (finding that complaints about plaintiff's products with consumer protection agencies warning of unethical business practices were clearly dissatisfied customer opinions). As the statement regarding the value of Plaintiff's services is nonactionable opinion, incapable of being proven false, the claim for defamation/libel arising from John Doe #2's statement will not succeed. And, as none of the claims have a likelihood of success, injunctive relief is not warranted.

### 3.2     The Balance of Hardships Tips in Defendant's Favor

There are no otherwise sufficiently serious questions going to the merits.  The face of the complaint demonstrates Defendant is immune under Section 230.  As an internet provider, the injunctive relief would eviscerate the Federal protections granted by law and the balance of hardships tips in Defendant's favor.  Plaintiff has a full remedy at law—if he can prove his alleged damages; Defendant, however, risks being subject to a prior restraint—a gag order.

It is long-established that "any system of prior restraints of expression comes to [a] Court bearing a heavy burden against its constitutional validity."  *New York Times Co. v. United States*, 403 U.S. 713, 714 (1971).  Indeed, prior restraints are "the most serious and least tolerable infringement on First Amendment rights."  *Metropolitan Opera Ass'n v. Local 100, Hotel Emples. & Restaurant Emples. Int'l Union*, 239 F.3d 172, 176 (2d Cir. 2001) (citing *Nebraska Press Ass'n v. Stuart*, 427 U.S. 539, 559 (1976)); *see also Kinney v. Barnes*, 443 S.W.3d 87, 100 n. 7 (Tex. 2014) ("[T]he Supreme Court has roundly rejected prior restraint.") (citing SOBCHAK, W., THE BIG LEBOWSKI, 1998).  This is particularly true when the prior restraint comes in the form of a court-issued injunction.  *See id.* (citing *Madsen v. Women's Health Ctr.*, 512 U.S. 753, 764 (1994)).  After all, an "injunction must be obeyed until modified or dissolved, and its unconstitutionality is no defense to disobedience."  *Id.* (citing *Walker v. Birmingham*, 388 U.S. 307, 314-21 (1967)).

Plaintiff fails to discuss the strict standards governing prior restraints, let alone make any mention of the term "prior restraint" or "First Amendment."   In determining whether a prior restraint is constitutional, courts have considered (1) the extent to which the government's interest would be harmed by publication of the materials; (2) whether there are less restrictive alternatives; and (3) how effectively a prior restraint would prevent the threatened harm.  *See Nebraska Press Ass'n v. Stuart*, 427 U.S. 539, 562 (1976); *United States v. Quattrone*, 402 F.3d 304, 311 (2d Cir. 2005).  A party's assertion that publication of certain statements would subject her to "public humiliation, world wide ridicule, character assassination and a ruined reputation" is insufficient to justify the issuance of injunctive relief.  *Hammer v. Trendl*, 2002 U.S. Dist. LEXIS 25487, *4-5 (E.D. N.Y. Oct. 10, 2002) (citing *Organization for a Better Austin v. Keefe*, 402 U.S. 415, 418-19

(1971)).   In fact, injunctions prohibiting a party from making false or libelous statements are generally impermissible.  *See Gaming Mktg. Solutions v. Cross*, 2008 U.S. Dist LEXIS 25910, *16 18 (S.D. N.Y. Apr. 1, 2008) (citing *Metro. Opera Ass'n*, 239 F.3d at 176).   Injunctions enjoining future speech are particularly offensive where, as here, the moving party's suggested harm is speculative and not actual or imminent.  *See id*.   Thus, the balance of hardships tips decidedly in Defendant's favor and the injunction should not issue.

### 3.3    Plaintiff Cannot Show Irreparable Harm

The most important element in deciding Plaintiff's motion is the showing of irreparable harm.  *Rodriguez ex rel. Rodriguez v. DeBuono*, 175 F.3d 227, 234 (2d Cir. 1999) (*per curiam*) ("In the absence of a showing of irreparable harm, a motion for a preliminary injunction should be denied."); *see also Faiveley Transp. Malmo AB v. Wabtec Corp.*, 559 F.3d 110, 118 (2d Cir. 2009) (explaining that "[a] showing of irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction" (internal quotation marks and citation omitted)).

To satisfy the irreparable harm requirement, the movant "must demonstrate that absent [an] . . . injunction they will suffer an injury that is neither remote nor speculative, but actual and imminent, and one that cannot be remedied if a court waits until the end of trial to resolve the harm."  *Wabtec Corp.*, 559 F.3d at 118 (internal citation omitted).   Moreover, except in "extraordinary circumstances," injunctions are unavailable where "there is an adequate remedy at law, such as an award of money damages."  *Id*. (internal citation omitted).

The affidavit of Attorney Safashia Khan-Semiz in support of the relief states that "Mr. Gehi's personal and professional reputation has suffered."   Dkt. No. 1-4 at p. 29. The complaint, as verified by Attorney Gehi, similarly only states the conclusory allegation that "Plaintiff's reputation has been damaged" and that Attorney Gehi "regularly loses sleep and has extreme anxiety."[4]  Dkt. No. 1-1 at ¶¶ 22 & 28.   Such is insufficient.   As courts recognize:

---

[4]    Plaintiff argues in its motion that "Plaintiff's client pool has already diminished as a result of these posts and the decline seems to continue the longer these posts are published."   Dkt. No. 1-4 at p. 15.   Plaintiff offers no affidavit or admissible evidence in support of (a) a decline;

> conclusory statements of loss of reputation and goodwill constitute
> an insufficient basis for a finding of irreparable harm.  Plaintiff's
> pleadings, affidavits, and exhibits consist only of conclusory
> allegations of harm to its goodwill or reputation in the absence of a
> preliminary injunction.  Because Plaintiff has not alleged that it
> faces imminent financial ruin, and because Plaintiff's damages
> would be easily calculable at trial, Plaintiff has failed to show a
> sufficient threat of irreparable harm.

*Shepard Indus. v. 135 E. 57th St., LLC*, 97 Civ. 8447 (DAB), 1999 U.S. Dist. LEXIS 14431, at

*24-25 (S.D.N.Y. Sep. 15, 1999) (internal citation omitted).  Plaintiff has survived for over three

years since John Doe #1's statement was published, and there is no evidence of imminent financial

ruin.  Thus, absent evidence of irreparable harm, the injunctive relief must be denied.

### 3.4   The Injunction is Not in the Public Interest

Plaintiff's motion does not acknowledge that this Court must consider whether an

injunction is in the public interest.  The requested injunction is not in the public interest.  In the

absence of a strong justification for the prior restraint, an injunction granting one is not in the

public interest.  *See, e.g., Uniformed Sanitation Men Assoc. v. Comm. of Sanitation*, 287 F. Supp.

703, 703 (S.D. N.Y. 1968).

There is no public interest served by granting the injunction.  Rather, granting it would be

an unnecessary and unjustified abrogation of Defendant's First Amendment rights with no

reasonable grounds for doing so.  Even if Defendant were threatening to make defamatory

statements about Plaintiff, there would be no public interest served by enjoining him from doing

so.  Given that Defendant has not threatened to make any public statements about Plaintiff at all

and that Plaintiff's alleged harm is absurdly speculative, there is no grounds for an injunction to

issue against Defendant.  To the contrary, the injunction would also preclude Plaintiff's clients

from informing the public about good or bad experiences with Plaintiff and ensure the public can

make an informed decision about a law firm.  Notably, the April 8, 2014 review specifically relates

to the regulation of attorney conduct, warning the public "[i]f you do hire this \*\*\* loser please

---

(b) a trend; or (c) a causal nexus between the negative reviews and the alleged decline.  Thus, it is
a mere conclusory argument that should be given no weight.

keep the Attorney Departmental Disciplinary Committee on speed-dial" and lists the phone number. *See* Podolsky Declaration at *Exhibit 1*. "At the heart of the First Amendment is the recognition of the fundamental importance of the free flow of ideas and opinions on matters of public interest and concern." *Hustler Magazine v. Falwell*, 485 U.S. 46, 50 (1988). Depriving consumers of information harms, rather than hinders, the public interest.

### 3.5    Plaintiff is Not Entitled to Early Discovery

As part of the requested relief, Plaintiff seeks an order compelling early discovery from Defendant Opinion "to disclose the names and addresses of John Doe #1 and John Doe #2". Dkt. No. 104 at p. 5. Federal Rule of Civil Procedure 26 (d)(1) forbids a party from seeking discovery "from any source before the parties have conferred as required by Rule 26(f)" except as "authorized ... by court order." Fed. R. Civ. P. 26(d) (1). This is generally viewed as requiring a showing of good cause. *See, e.g., Ayyash v. Bank Al-Madina*, 233 F.R.D. 325, 326 (S.D.N.Y. 2005). Under the five factor *Sony Music* test, adopted by the Second Circuit, the Court must weigh:

> (1) [the] concrete[ness of the plaintiff's] showing of a prima facie claim of actionable harm, . . . (2) [the] specificity of the discovery request, . . . (3) the absence of alternative means to obtain the subpoenaed information, . . . (4) [the] need for the subpoenaed information to advance the claim, . . . and (5) the [objecting] party's expectation of privacy.

*Arista Records, LLC v. Doe 3*, 604 F.3d 110, 119 (2d Cir. 2010) (citing *Sony Music Entm't Inc. v. Does 1-40*, 326 F. Supp. 2d 556, 564-65 (S.D.N.Y. 2004)). Although that test addresses subpoenae, "the test is also instructive in evaluating the motions for early discovery." *In re BitTorrent Adult Film Copyright Infringement Cases*, 296 F.R.D. 80, 87 (E.D.N.Y. 2012).

Plaintiff cannot show good cause. First, there is no *prima facie* claim of actionable harm. As discussed above and in the motion to dismiss, the claims against John Doe #1 are time barred. Were he to appear and defend, the causes would be dismissed. Similarly, the causes against John Doe #2 lack merit as the alleged remark, especially in context, is not a false statement of fact permitting a viable defamation claim to proceed and there is no basis for the emotional distress claim due to its multiple failings.

Second, the John Doe defendants have a reasonable expectation of privacy.  Plaintiff cites to *People v. Harris*, 2012 NY Slip Op 22109, ¶¶ 5-6, 36 Misc. 3d 613, 621-22, 945 N.Y.S.2d 505, 511-12 (Crim Ct. 2012) in support of a claim that the defendants have no "reasonable expectation of privacy in internet postings."  Dkt. No. 1-4 at p. 16.  That case addressed disclosure under the Stored Communications Act, 18 U.S.C. § 2703(c)(2), regarding government requests and specific statutory permissible disclosure.  Plaintiff's citation to *United States v. Lifshitz*, 369 F.3d 173, 190 (2d Cir. 2004) is similarly inapposite, as that case addressed the limited expectations of an individual subject to federal probation.  Moreover, this is not about the privacy of the text of the reviews; that is already public.  It is about the privacy interests in the identity of the anonymous reviewers.  Such is especially worthy of protection when reviewing a law firm—lawyers have the skill and resources to attack legitimate criticism, beyond the capability of an ordinary business, and the public interest in learning about who they may trust with their matters is much higher than when, say, the review is about photocopier repair services.  Thus, there is no basis to compel such disclosure.

## 4.0   CONCLUSION

There is no basis for this Court to issue the prior restraint demanded by Plaintiff.  It cannot demonstrate irreparable harm, a likelihood of success on the merits, an advantage in the balance of equities, or that the injunction is in the public interest.  Neither is early discovery warranted.  Thus, Plaintiff's request for injunctive relief must be denied.

Dated: September 19, 2017    RANDAZZA LEGAL GROUP, PLLC

        /s/ Jay M. Wolman
        Jay M. Wolman (JW5298)
        100 Pearl Street, 14th Floor
        Hartford, CT 06103
        Tel:  702-420-2001
        Fax:  305-437-7662
        ecf@randazza.com

        *Attorneys for Defendant,*
        *CONSUMER OPINION LLC*

Case No. 1:17-cv-5468

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that on September 19, 2017, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I further certify that a true and correct copy of the foregoing document being served via electronic mail and U.S. Mail to the attorneys listed below:

Safashia Khan-Semiz, Esq.
LAW OFFICES OF N.M. GEHI, P.C.
118-21 Queens Blvd, Suite 409
Forest Hills, New York 11375
<safashia@gehilaw.com>

*Attorneys for Plaintiff,*
*LAW OFFICES OF N.M. GEHI, P.C.*

Respectfully submitted,

Trey A. Rothell,
Employee of Randazza Legal Group, PLLC

18